IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MADELINE ALMEYDA<br>35-58 65th Street<br>Apt. 2F<br>Woodside, NY 11377,<br><br>   Plaintiff,<br><br> v.<br><br>WYNDHAM VACATION OWNERSHIP, INC.<br>6277 Sea Harbor Drive<br>Orlando, FL, 32821<br><br>   Defendants. | No. _____<br><br><br>CIVIL ACTION – LAW<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES Plaintiff MADELINE ALMEYDA ("Plaintiff"), by and through her undersigned counsel, who hereby complains against Defendant WYNDHAM VACATION OWNERSHIP, INC. ("Defendant") as follows:

### PARTIES

1. Plaintiff is an adult individual currently residing at the above address. She is a resident and citizen of the State of New York.

2. Defendant is a Delaware corporation licensed to do business in the Commonwealth of Pennsylvania, with a principal place of business located at the above address. Defendants owns and operates Club Wyndham Shawnee Village, a vacation resort located in East Stroudsburg, Monroe County, PA.

### JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in Pennsylvania and because this action arises out of Defendant's contacts in Pennsylvania.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this district.

**FACTUAL ALLEGATIONS**

6. The facts and occurrences giving rise to the instant cause of action occurred on the property known as Club Wyndham Shawnee Village, located at 5255 Buttermilk Falls Road Shawnee-on-Delaware, PA 18356 (hereinafter referred to as the "Premises").

7. At all times relevant hereto, Defendant owned, operated, maintained, managed, controlled, or otherwise possessed the Premises, including its common area stairways and walkways.

8. At all times relevant hereto, the Premises was held open to the public for the purpose of visiting the Premises. Plaintiff was a business invitee and was present on the Premises as a guest.

9. The facts and occurrences giving rise to the instant cause of action occurred on October 18, 2019 at approximately 6:30 p.m.

10. On the aforesaid date and time, Plaintiff was walking back to her suite (No. R110) just after sunset when it was dark.

11. In order to reach her suite, Plaintiff was required to descend approximately eighteen (18) steps constructed of 4" x 6" concrete pavers and 4" x 4" wood posts/beams. This was the **only** means by which Plaintiff could reach her suite as there were no other means of ingress or egress. *See* **EXHIBIT A.**

12. As Plaintiff reached the bottom of the first set of steps, she tripped and fell over one of the wooden stair risers, which was protruding above the concrete paver treads by at least 1-1/2 inches, thereby creating a serious and palpable tripping hazard. *See* **EXHIBIT B.**

2

13. The stairway on which Plaintiff fell was worn and weathered and the protruding wood risers and depressed pavers created a dangerous and hazardous condition, which, based on their appearance, existed for a significant period of time prior to October 18, 2019. *See* **EXHIBITS A & B.**

14. As a result of the fall, Plaintiff suffered serious and permanent injuries to her left shoulder, left ankle, and cervical spine.

15. A few months after Plaintiff's fall, Defendant demolished and rebuilt the subject stairway because it knew, since prior to October 18, 2019, that the stairway created a dangerous and hazardous condition.

## COUNT I – COMMON LAW NEGLIGENCE

16. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

17. At all times relevant hereto, all Defendants exercised dominion and control over the Premises, including the subject stairway.

18. The subject stairway was a common area of the Premises open to all guests and visitors, including Plaintiff.

19. At all times relevant hereto, Defendant owed Plaintiff a duty to inspect, repair, and maintain the stairways and walkways on its Premises and to keep them free and clear of dangerous and hazardous conditions.

20. At all times relevant and material hereto, Plaintiff was a lawful business invitee on the Premises, including the subject stairway.

21. The dangerous and hazardous condition of the subject stairway, including the protruding wood risers and depressed concrete pavers, existed for a sufficient period of time prior to October 18, 2019 such that Defendant had actual or constructive notice of same.

22. Defendant breached its duty of care owed to Plaintiff by:

3

a. Allowing the dangerous and hazardous condition to exist, notwithstanding the fact that the condition was open, obvious and apparent to any property possessor conducting a reasonable inspection of the Premises and its stairways;

b. Failing to warn, place appropriate barricades, post adequate signage, or take other precautionary measures relating to the dangerous and hazardous condition on the subject stairway;

c. Failing to exercise reasonable care to discover the dangerous and hazardous condition to protect those lawfully on the Premises and its stairways;

d. Failing to properly maintain, remedy and/or repair the dangerous and hazardous condition on the Premises and its stairways, of which Defendant had actual or constructive notice;

e. Creating and/or maintaining the subject stairway in an unsafe, dangerous and hazardous manner;

f. Creating and/or maintaining the subject stairway in a manner which violated applicable federal, state or local ordinances, laws, and/or regulations;

g. Creating and/or maintaining a stairway which violated the provisions of applicable industry, trade, safety and other practice standards;

h. Negligently designing, constructing, inspecting, repairing, and/or maintaining the subject stairway;

i. Failing to reasonably inspect and repair the dangerous and hazardous condition of the stairway under Defendant's possession and control;

j. Failing to place adequate warning signs of a hazardous condition when Defendant knew or should have known that business invitees, including

4

          Plaintiff, and others lawfully on the Premises and its stairways, had a reasonable likelihood of encountering the hazardous condition;

    k.    Failing to properly manage, maintain, oversee, regulate, supervise and/or control its agent's work resulting in negligent job performance and maintenance at the time and location of the incident at issue;

    l.    Failing to properly manage, maintain, oversee, regulate, supervise and/or control the work of its independent contractors, resulting in negligent job performance and maintenance at the time and location of the incident at issue; and

23.    At all times relevant hereto, Plaintiff was conducting herself in a careful and prudent manner and was in no way responsible, either by action or inaction, for her accident, injuries or damages.

24.    As a direct and proximate result of Defendant's breach, Plaintiff suffered serious and permanent injuries to her left shoulder, left ankle, and cervical spine.

25.    As a direct and proximate result of Defendant's breach, Plaintiff has experienced pain, suffering, discomfort, frustration, embarrassment, mental anguish, loss of enjoyment of life and life's pleasures and an ability to attend to usual and daily activities and she will continue to experience same into the future, all to her great detriment and loss.

26.    As a direct and proximate result of Defendant's breach, Plaintiff has suffered past and future lost wages and loss of earning capacity.

27.    As a direct and proximate result of Defendant's breach, Plaintiff has sought medical treatment in an effort to treat and cure herself of her resultant injuries, has incurred medical expenses and may require continued medical treatment into the future, all to her great detriment and loss.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant in an amount exceeding seventy-five thousand dollars ($75,000.00), together with all costs, pre- and post-judgment interest, and such other relief as this Honorable Court deems proper and just.

**DEMAND FOR JURY TRIAL**

**PLEASE TAKE NOTICE** that Plaintiff MADELINE ALMEYDA demands a trial by jury for all claims so triable.

*Respectfully Submitted,*

**MANSOUR LAW, LLC**

Date: September 15, 2021            BY:            */s/ William P. Mansour*
William P. Mansour, Esquire
Pa. Attorney ID No. 318833
**Mansour Law, LLC**
1101 W. Hamilton St., Ste. 205
Allentown, PA 18101
Tel: (610) 321-3538
Fax: (610) 798-1345
Email: wpm@themansourfirm.com

Attorney for Plaintiff Madeline Almeyda